Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel VIII

| LUIS G. SANTIAGO MORALES<br>Recurrente | | *Revisión Judicial* procedente del Programa de Pre-reinserción del Departamento de Corrección y Rehabilitación |
|---|---|---|
| v. | KLRA202500055 | |
| DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br>Recurrida | | |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón

Adames Soto, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 31 de marzo de 2025.

Comparece el Sr. Luis G. Santiago Morales (señor Santiago Morales o recurrente), confinado, mediante recurso de revisión judicial, solicitando la revocación de la *Evaluación Programa de Pre-Reinserción* emitida por el Departamento de Corrección y Rehabilitación (DCR). Mediante dicho dictamen el DCR rechazó la petición del recurrente para ser considerado al Programa aludido.

Sin embargo, al examinar la fecha en que fue presentado el recurso de revisión judicial, resulta que fue tardío, y esto nos priva de jurisdicción para considerarlo, obligándonos a desestimar.

**I. Resumen del Tracto Procesal**

El señor Santiago Morales solicitó participación en el *Programa de Pre-Reinserción* a la libre comunidad en noviembre de 2023.

Evaluada la referida petición por el DCR, este emitió un dictamen de *No Favorable,* mediante el documento intitulado *Evaluación Programa De Pre-Reinserción,* que notificó al recurrente **el 5 de diciembre de**

**2024.** El recibo de la notificación por el recurrente se hizo constar en el propio documento, mediante sendas firmas de su puño y letra.[1]

Inconforme, el señor Santiago Morales instó el recurso de revisión judicial ante nuestra consideración, mediante su entrega al DCR **el 8 de enero de 2025**.

Mediante *Resolución* emitida el 5 de febrero de 2025, le concedimos un término de cinco (5) días a la Oficina del Procurador General de Puerto Rico (el Procurador General), para que, en representación del DCR, presentara Alegato en oposición.

Conforme a ello, el Procurador General compareció el 12 de febrero de 2025, mediante *Solicitud de Desestimación.* Como fundamento para su solicitud de desestimación esgrimió que el recurso de revisión judicial había sido presentado ya vencido el término jurisdiccional.

Ante lo cual, el 28 de marzo de 2025, el recurrente instó ante nosotros *Réplica sobre solicitud de desestimación.* Esgrimió como defensa para haber presentado de manera tardía el recurso de revisión judicial, una presunta fuga y *lock down* en la agencia durante las fechas en que podía instarlo.

## II. Exposición de Derecho

a.

La jurisdicción se define como el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *Allied Management Group, Inc. v. Oriental Bank*, 204 DPR 374, 385 (2020); *Yumac Home v. Empresas Massó*, 194 DPR 96, (2015); *Horizon Media v. Jta. Revisora, RA Holdings*, 191 DPR 228, 233 (2014). Tanto los foros de instancia como los foros apelativos tienen el deber de, primeramente, analizar en todo caso si poseen jurisdicción para atender las controversias presentadas, puesto que los tribunales estamos llamados a ser fieles guardianes de

---

[1] Ver el apéndice de la *Solicitud de desestimación* presentada por el DCR, págs. 3 y 4.

nuestra jurisdicción, incluso cuando ninguna de las partes invoque tal defecto. *Íd.*

Ello responde a que las cuestiones jurisdiccionales son materia privilegiada y deben resolverse con preferencia a los demás asuntos. *Mun. San Sebastián v. QMC*, 190 DPR 652, 659 (2014). *García v. Hormigonera Mayagüezana*, 172 DPR 1, 7 (2007). **Por tanto, si determinamos que no tenemos jurisdicción sobre un recurso o sobre una controversia determinada, debemos así declararlo y proceder a desestimarlo**. *Íd*. (Énfasis provisto).

En el ámbito administrativo, al igual que en el foro judicial, no existe discreción para asumir jurisdicción donde no la hay. *Muñoz Barrientos v. ELA*, 212 DPR 714, 726 (2023).

A tenor, la Regla 83(C)(1) de Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, faculta a este foro intermedio a desestimar *motu proprio* un recurso cuando carezca de jurisdicción.

b.

El Art. 4.002 de la Ley Núm. 201-2003, Ley de la Judicatura del Estado Libre Asociado de Puerto Rico, según enmendada, dispone que el Tribunal de Apelaciones revisará, como cuestión de derecho, las decisiones finales de los organismos y agencias administrativas que hayan sido tramitadas conforme con las disposiciones de la Ley de Procedimiento Administrativo Uniforme (LPAU)". Art. 4.002 de la Ley Núm. 201-2003, 4 LPRA sec. 24 (u).

En consonancia, la Sección 4.2 de la LPAU dispone que este foro intermedio solamente podrá revisar las órdenes o resoluciones finales dictadas por las agencias o funcionarios administrativos, y el término que se tiene para ello. 3 LPRA sec. 9672. La Sección aludida establece, en específico, lo siguiente:

> **[u]na parte adversamente afectada por una orden o resolución final de una agencia** y que haya agotado todos

los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente **podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia** o a partir de la fecha aplicable de las dispuestas en la sec. 9655 de este título, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. (Énfasis provisto). *Íd.*

En armonía, la Regla 57 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 57, dispone que el escrito inicial de revisión deberá *ser presentado **dentro del término jurisdiccional de treinta (30) días** contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final del organismo o agencia.* (Énfasis provisto).

Existen unos términos de naturaleza improrrogable que no están sujetos a interrupción o cumplimiento tardío. *Se denominan estos términos como jurisdiccionales o fatales porque transcurren inexorablemente, no importa las consecuencias procesales que su expiración provoque.* R. Hernández Colón, *Práctica jurídica de Puerto Rico: derecho procesal civil*, 5ta ed., San Juan, Ed. Lexis-Nexis, 2010, pág. 201. Ello significa que una vez transcurre un término de naturaleza jurisdiccional, el tribunal o la agencia estatal pierde jurisdicción para atender el asunto ante su consideración. *Cruz Parrilla v. Dpto. Vivienda*, 184 DPR 393 (212). Un término de carácter jurisdiccional no admite interrupción alguna por justa causa. *Íd.*

Finalmente, la Regla 30.1 del Reglamento de Apelaciones, 4 LPRA Ap. XXII-B, dispone:

Regla 30.1 — Apelaciones de confinados y de indigentes

(A) Cuando el apelante se encontrare recluido en una institución penal o institución de otra naturaleza bajo custodia del Sistema Correccional y apelare por derecho propio, la apelación se formalizará entregando el escrito de apelación dentro del término para apelar a la autoridad que lo tiene bajo custodia. Dicha autoridad vendrá obligada a presentar inmediatamente el escrito de apelación en la Secretaría del tribunal que dictó la sentencia y

copia del mismo en el tribunal de sentenciador o en el Tribunal de Apelaciones, en cuyo caso remitirá copia del mismo al tribunal apelado. Al recibo del escrito de apelación, el Secretario o Secretaria del tribunal sentenciador o del Tribunal de Apelaciones lo notificará al Fiscal de Distrito o a la Fiscal de Distrito y al Procurador General o Procuradora General.

(B) Si el confinado o confinada entregara el escrito de apelación a los funcionarios o funcionarias de la institución con tiempo para ser recibido en el tribunal apelado o en el Tribunal de Apelaciones antes de vencer el término para apelar, y dichos funcionarios o funcionarias dejan de darle curso, tal entrega equivale a una presentación del escrito de apelación dentro del término para iniciar el recurso y a la notificación al Fiscal o a la Fiscal y al Procurador General o a la Procuradora General.

## III. Aplicación del Derecho a los hechos

Según ya hemos adelantado, el Señor Santiago Morales fue notificado de la determinación cuya revocación nos solicita **el 5 de diciembre de 2024**. Este dato surge de la copia de la *Resolución* recurrida provista por el DCR en su *Solicitud de desestimación,* donde con claridad se dejó constancia que el recurrente firmó dicho documento en las dos páginas que lo componían, precisándose el día y la hora en que lo recibió[2].

Por otra parte, al examinar la "copia" de la *Resolución* recurrida que el recurrente incluyó en el apéndice de su recurso de revisión judicial, resulta evidente su burdo intento de variar dicho documento al tratar de excluir su firma en la primera página, (donde había plasmado la fecha y hora de su notificación), y cambiando la fecha de su entrega. Esto reveló un claro propósito de inducirnos a error al computar el término jurisdiccional con el que contaba para presentar el recurso de revisión judicial, revelando que conocía de su presentación tardía. Sobre ello nuestro Tribunal Supremo advirtió que *los documentos apócrifos no tienen cabida en el litigio justo y honesto. In re Román,* 165 DPR 801 (2005).

Para completar el desvarío del recurrente, en su *Réplica sobre solicitud de desestimación,* este admitió haber sido notificado de la

---

[2] *Íd.*

*Resolución* recurrida el 5 de diciembre de 2024, aunque le imputa la tardanza a la presentación del recurso de revisión judicial a razones externas a su conducta.

En definitiva, no hay controversia real alguna de que el señor Santiago Morales fue notificado de la *Resolución* recurrida el 5 de diciembre de 2024, fecha que marcó el inicio del término para: 1) presentar una moción de reconsideración ante el propio DCR o; 2) instar recurso de revisión judicial ante este Tribunal de Apelaciones.

Vista la documentación que obra en el expediente ante nosotros, no surge que el recurrente hubiese instado una moción de reconsideración ante el DCR que sirviera para interrumpir el término para acudir ante el Tribunal de Apelaciones[3], sino que eligió acudir directamente a este Tribunal de Apelaciones a través de la presentación del recurso de revisión judicial. Ante lo cual, según la Sección 4.2 de la LPAU, supra, y la Regla 57 del Reglamento del Tribunal de Apelaciones, supra, a partir del 5 de diciembre de 2024, el recurrente contaba con un término jurisdiccional de treinta días para entregar el escrito *a la autoridad que lo tiene bajo custodia*. Regla 30.1 del Reglamento del Tribunal de Apelaciones, supra.

En consecuencia, el término de treinta días para entregar el recurso de revisión judicial al DCR **vencía el 7 de enero de 2025**, pero el recurrente lo entregó el 8 de enero de 2024, *ergo*, de manera tardía, cuando ya había vencido el término jurisdiccional.

Tal cual advertimos en la exposición de Derecho, la característica principal de un término jurisdiccional es que no puede ser prorrogado, es decir, estamos impedidos de extender tal término, aunque sea por un

---

[3] A pesar de que en su *Réplica sobre solicitud de desestimación* el recurrente adujo por primera vez que presentó una moción de reconsideración, no hay rastro de documentación alguna que sostenga tal afirmación. Además, resulta extraño, por decir lo menos, que el recurrente no hubiese siquiera mencionado la presunta moción de reconsideración en el recurso de revisión judicial presentado, ni provisto evidencia documental alguna sobre tal afirmación. En definitiva, no podemos asumir jurisdicción a base de una mera especulación.

solo día. *Un término de carácter jurisdiccional no admite interrupción alguna por justa causa. Cruz Parrilla v. Dpto. Vivienda,* supra. Atado a ello, también advertimos que, si determinamos que no tenemos jurisdicción sobre un recurso o sobre una controversia determinada, debemos así declararlo y desestimar. *Mun. San Sebastián v. QMC,* supra; *García v. Hormigonera Mayagüezana,* supra.

El recurso de revisión judicial en este caso fue presentado fuera del término jurisdiccional de treinta días, por tanto, estamos privados de jurisdicción para atenderlo, procede su desestimación.

**IV. Parte dispositiva**

Por los fundamentos antes expuestos, los que hacemos formar parte de este dictamen, se ordena la desestimación del recurso presentado, por falta de jurisdicción.

Lo pronunció y manda el Tribunal y lo certifica su Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones